**E-FILED**

Friday, 28 January, 2005  01:19:23 PM
Clerk, U.S. District Court, ILCD

# United States District Court

CENTRAL _____ DISTRICT OF ____ ILLINOIS ____

VINCENT MILES

v.

GUY PIERCE

### APPLICATION TO PROCEED IN FORMA PAUPERIS, SUPPORTING DOCUMENTATION AND ORDER

CASE NUMBER: $86 - CF - 616$

$05 - 1026$

**FILED**

~~JAN 2 8~~ 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

I, ____ VINCENT MILES ____, declare that I am the (check appropriate box)

☒ petitioner/plaintiff

☐ movant (filing 28 U.S.C. 2255 motion)

☐ respondent/defendant

☐ _____
*other*

in the above-entitled proceeding; that, in support of my request to proceed without being required to prepay fees, cost or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or give security therefor; that I believe I am entitled to relief. The nature of my action, defense, or other proceeding or the issues I intend to present on appeal are briefly stated as follows:

FEDERAL HABEAS CORPUS PETITION

In further support of this application, I answer the following questions.

1. Are you presently employed?                                    Yes ☐   No ☒

   a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer. (list both gross and net salary)

   b. If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession or other form of self-employment     Yes ☐   No ☒
   b. Rent payments, interest or dividends?                     Yes ☐   No ☒
   c. Pensions, annuities or life insurance payments?           Yes ☐   No ☒
   d. Gifts or inheritances?                                    Yes ☐   No ☒
   e. Any other sources?                                        Yes ☐   No ☒

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.

3. Do you own any cash, or do you have money in checking or savings accounts?

Yes ☒    No ☐    (Include any funds in prison accounts.)

If the answer is "yes," state the total value of the items owned.

PRISON TRUST FUND ACCOUNT

4. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?

Yes ☐    No ☒

If the answer is "yes," describe the property and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___Jul 25, 2005___                    _Vincent Miley_
                    (Date)                          Signature of Applicant

---

## CERTIFICATE
*(Prisoner Accounts Only)*

I certify that the applicant named herein has the sum of $ _____ on account to his credit at the _____ institution where he is confined. I further certify that the applicant likewise has the following securities to his credit according to the records of said institution: _____

_____

I further certify that during the last six months the applicant's average balance was $ _____

_____
Authorized Officer of Institution

---

## ORDER OF COURT

| | |
|---|---|
| The application is hereby denied | The application is hereby granted. Let the applicant proceed without prepayment of cost or fees or the necessity of giving security therefor. |
| _____  _____ <br> United States Judge    Date | _____  _____ <br> United States Judge    Date <br> or Magistrate |

RECEIVED
JAN 8 2005
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District CENTRAL | |
|---|---|---|
| Name VINCENT MILES | Prisoner No. N-41303 | Case No. 86-CF-616 |
| Place of Confinement PONTIAC CORRECTIONAL CENTER P.O. BOX 99, PONTIAC, IL 61764 | | 05-1026 |

| Name of Petitioner (Include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| VINCENT MILES | V. GUY PIERCE |

The Attorney General of the State of:

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   CIRCUIT COURT OF PEORIA COUNTY, PEORIA, ILLINOIS

2. Date of judgment of conviction   JULY 2, 1987

3. Length of sentence   SEVENTY (70) YEARS

4. Nature of offense involved (all counts)   TWO (2) COUNTS OF FIRST DEGREE MURDER (MERGED), ONE (1) COUNT OF ATTEMPT FIRST DEGREE MURDER.

5. What was your plea? (Check one)
   (a) Not guilty   ☒
   (b) Guilty   ☐
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury   ☒
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court _ILLINOIS APPELLATE COURT, THIRD DISTRICT_

(b) Result_ CONVICTION AFFIRMED_

(c) Date of result and citation, if known _PEOPLE V. MILES  FYILL APP.3d 1109_

(d) Grounds raised _____ NOVEMBER 22, 1988_

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court _____ N/A

(2) Result _____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court _____ N/A

(2) Result _____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _CIRCUIT COURT OF PEORIA COUNTY_

(2) Nature of proceeding _POST CONVICTION PETITION_

(3) Grounds raised _THE TRIAL COURT FAILED TO SUBMIT TO_

_THE JURY FOR PROOF BEYOND A REASONABLE DOUBT_

AO 241 (Rev. 5/85)

THE FACTOR USED TO EXTEND HIS SENTENCE PAST
THE STATUTORY MAXIMUM.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result COURT GRANTED STATE'S MOTION TO DISMISS

(6) Date of result SEPTEMBER 16, 2003.

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____ N/A _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒  No ☐
(2) Second petition, etc.    Yes ☐  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, **explain briefly why you did not:**

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.    Ground one: THE TRIAL COURT VIOLATED PETITIONER'S

SIXTH AND FOURTEENTH AMENDMENT RIGHTS.

Supporting FACTS (state briefly without citing cases or law): _____

THE TRIAL COURT ERRED IN IMPOSING AN EXTENDED

TERM SENTENCE BASED ON THE FACT THAT THE OFFENSE

WAS "ACCOMPANIED BY BRUTAL OR HEINOUS BEHAVIOR

INDICATIVE OF WANTON CRUELTY," WHERE SAID

FACTOR CONSTITUTED AN ELEMENT OF THE OFFENSE

THAT WAS NEVER SUBMITTED TO THE JURY OR

PROVEN BEYOND A REASONABLE DOUBT.


(SEE ATTACHED MEMORANDUM OF LAW)



B.    Ground two: _____

_____

Supporting FACTS (state briefly without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 5/85)

C. Ground three: _____

   _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D. Ground four _____

   _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

  (a) At preliminary hearing ___PEORIA COUNTY PUBLIC DEFENDER___ .

_____

  (b) At arraignment and plea ___PEORIA COUNTY PUBLIC DEFENDER___

_____

AO 241 (Rev. 5/85)

(c) At trial _PEORIA COUNTY PUBLIC DEFENDER_

(d) At sentencing _PEORIA COUNTY PUBLIC DEFENDER_

(e) On appeal _ILLINOIS APPELLATE DEFENDER_

(f) In any post-conviction proceeding _PEORIA COUNTY PUBLIC DEFENDER_

(g) On appeal from any adverse ruling in a post-conviction proceeding _ILLINOIS APPELLATE DEFENDER._

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_1 - 25 - 05_
(date)

_Vincent Miles_
Signature of Petitioner

(7)

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

|  |  |
|---|---|
| VINCENT MILES,<br><br>  PETITIONER,<br><br>   VS.<br><br>GUY PIERCE,<br><br>  RESPONDENT. |  |

MEMORANDUM OF LAW IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

INTRODUCTION

PETITIONER SEEKS COLLATERAL REVIEW OF HIS CONVICTIONS ENTERED ON JULY 2, 1987 IN THE CIRCUIT COURT OF ~~COOK~~ PEORIA COUNTY, ILLINOIS FOR THE OFFENSES OF FIRST DEGREE MURDER, AND ATTEMPT FIRST DEGREE MURDER.

<u>CONSTITUTIONAL ISSUE PRESENTED FOR REVIEW</u>

THE TRIAL COURT ERRED IN IMPOSING AN EXTENDED
TERM SENTENCE BASED ON THE FACT THAT THE
OFFENSE WAS "ACCOMPANIED BY BRUTAL OR HEINOUS
BEHAVIOR INDICATIVE OF WANTON CRUELTY," WHERE
SAID FACTOR CONSTITUTED AN ELEMENT OF THE
OFFENSE THAT WAS NEVER SUBMITTED TO THE
JURY OR PROVEN BEYOND A REASONABLE DOUBT.

PETITIONER WAS TRIED BY A JURY AND FOUND
GUILTY OF TWO (2) COUNTS OF MURDER AND ONE (1)
COUNT OF ATTEMPT MURDER. (ILL. REV. STAT. 1985, CH 38
PARAS 9-1(a)(2), 9-1(a)(3), 8-4(a) - 9-1(a)(1). THE
DEATH QUALIFIED JURY FOUND PETITIONER
INELIGIBLE FOR THE DEATH PENALTY. THE COURT
SUBSEQUENTLY SENTENCED PETITIONER TO EXTENDED
TERMS OF SEVENTY (70) YEARS IMPRISONMENT FOR
MURDER AND SIXTY (60) YEARS FOR ATTEMPT MURDER
(REDUCED TO 30 YEARS ON DIRECT APPEAL), BASED ON
THE COURT'S FINDING THAT THE OFFENSES WERE
ACCOMPANIED BY EXCEPTIONALLY BRUTAL AND HEINOUS
BEHAVIOR INDICATIVE OF WANTON CRUELTY (ILL.
REV. STAT, 1985, CH 38, PARAS 1005-8-2 (a)(1),
1005-5-3.2 (b)(2)). PETITIONER CONTENDS THAT
THE TRIAL COURT ERRED IN IMPOSING AN EXTENDED
SENTENCE BASED ON A FACTOR THAT WAS NEVER
SUBMITTED TO THE JURY OR PROVEN BEYOND A

REASONABLE DOUBT.   APPRENDI V. NEW JERSEY,
530 U.S. 466, 120 S.CT. 2348 (2000).

PETITIONER'S CLAIM CAN BE RESOLVED WITHOUT
ADDRESSING THE RETROACTIVITY OF APPRENDI.

IN PEOPLE V. SWIFT, 202 ILL.2d 378, 781
N.E.2d 292 (2002), THE ILLINOIS SUPREME COURT
WAS ASKED TO REVIEW THE CONSTITUTIONALITY OF
DEFENDANT'S EIGHTY (80) YEAR EXTENDED TERM
SENTENCE -- IMPOSED BECAUSE THE COURT FOUND
THE MURDER TO BE "EXCEPTIONALLY BRUTAL OR
HEINOUS" -- IN LIGHT OF THE SUPREME COURT'S
DECISION IN APPRENDI.  THE CENTRAL ISSUE IN
SWIFT WAS THE CONSTRUCTION OF THE ILLINOIS
SENTENCING STATUTES THAT ESTABLISH THE PENALTIES
FOR FIRST DEGREE MURDER.  SPECIFICALLY, AFTER
NOTING THAT THE ISSUE WAS "A QUESTION OF
STATUTORY INTERPRETATION," 202 ILL.2d AT 379, THE
COURT HELD THAT THE PLAIN LANGUAGE OF THE
STATUTES REVIEWED LIMITED A SENTENCE IMPOSED
FOR FIRST DEGREE MURDER TO A TERM OF
IMPRISONMENT BETWEEN 20 AND 60 YEARS.
THE COURT STATED THAT FOR ANY OTHER SENTENCE TO
BE IMPOSED, "ADDITIONAL FACTS MUST BE PROVEN"
"BEYOND A REASONABLE DOUBT."   SWIFT, 202 ILL.2d
AT 384.  THE SWIFT DECISION CONSTITUTED THE
FIRST INTERPRETATION OF THE FIRST DEGREE MURDER

SENTENCING STATUTE IN THIS FASHION BY THE
ILLINOIS SUPREME COURT.

JUDICIAL CONSTRUCTION OF A STATUTE IS AN
AUTHORITATIVE STATEMENT OF WHAT THE STATUTE
MEANT BEFORE AS WELL AS AFTER THE DECISION
GIVING RISE TO THAT CONSTRUCTION. RIVERS V.
ROADWAY EXPRESS, INC., 511 U.S. 298, 312-313
(1994). UNDER THIS PRINCIPLE, A STATUTE
CANNOT MEAN ONE THING PRIOR TO A COURT'S
INTERPRETATION AND SOMETHING ENTIRELY
DIFFERENT AFTERWARDS. DASHLEY V. UNITED STATES,
52 F.3d 298, 299 (10TH CIR. 1995). THUS, IN
FIORE V. WHITE, 531 U.S. 225, 121 S.CT. 712 (2001),
THE UNITED STATES SUPREME COURT HELD THAT
WHEN A STATE SUPREME COURT INTERPRETS A
STATE STATUTE FOR THE FIRST TIME, THE LAW
PRESUMES THAT THE STATUTE CARRIED THAT
MEANING GIVEN BY THE COURT SINCE ITS
ENACTMENT, RENDERING A RETROACTIVITY ANALYSIS
UNNECESSARY. FIORE, 531 U.S. AT 229.

FIORE INVOLVED A PENNSYLVANIA STATUTE THAT
THE PENNSYLVANIA SUPREME COURT INTERPRETED
FOR THE FIRST TIME ON APPEAL, AFTER DEFENDANT
FIORE'S CONVICTION BECAME FINAL. UNDER THE
PENNSYLVANIA SUPREME COURT'S INTERPRETATION OF
THE CRIMINAL STATUTE, FIORE COULD NOT HAVE BEEN

GUILTY OF THE CRIME FOR WHICH HE WAS CONVICTED.

FIORE, 531 U.S. AT 226-228. THE UNITED STATES SUPREME COURT ORIGINALLY GRANTED CERTIORARI IN FIORE TO CONSIDER "WHEN, OR WHETHER, THE FEDERAL CONSTITUTION'S DUE PROCESS CLAUSE REQUIRES A STATE TO APPLY A NEW INTERPRETATION OF A STATE CRIMINAL STATUTE RETROACTIVELY TO CASES ON COLLATERAL REVIEW." BECAUSE THE COURT WAS UNCERTAIN WHETHER "THE PENNSYLVANIA SUPREME COURT'S DECISION . . . REPRESENTED A CHANGE IN THE LAW," IT CERTIFIED A QUESTION TO THE PENNSYLVANIA SUPREME COURT. FIORE, 531 U.S. AT 228. THIS QUESTION ASKED WHETHER PENNSYLVANIA SUPREME COURT'S INTERPRETATION OF THE STATUTE "STATED THE CORRECT INTERPRETATION OF THE LAW OF PENNSYLVANIA AT THE TIME FIORE'S CONVICTION BECAME FINAL." FIORE, 531 U.S. AT 228.

WHEN THE PENNSYLVANIA SUPREME COURT REPLIED THAT THE RULING "MERELY CLARIFIED THE PLAIN LANGUAGE OF THE STATUTE," FIORE, 531 U.S. AT 228, THE QUESTION ON WHICH THE COURT ORIGINALLY GRANTED CERTIORARI DISAPPEARED. PENNSYLVANIA'S ANSWER REVEALED THE "SIMPLE INEVITABLE CONCLUSION" THAT FIORE'S CONVICTION VIOLATED DUE PROCESS. FIORE, 531 U.S. AT 228. IT HAS LONG BEEN RECOGNIZED THAT "THE DUE PROCESS CLAUSE . . . FORBIDS A STATE TO CONVICT

a person of a crime without proving the elements of the crime beyond a reasonable doubt." Fiore 531 U.S. at 228-229. Because Pennsylvania law -- as interpreted by later state supreme court decisions -- made clear that Fiore's conduct did not violate an element of the statute, his conviction and sentence did not satisfy the strictures of the due process clause, consequently, "retroactivity [was] not at issue." Fiore 531 U.S. at. 226.

Fiore controls the result here. Swift did not create a new rule of law. The succinct Swift opinion makes no reference to earlier decisional law contrary to its conclusion. Rather, its decision is based on the simple principle that penal statutes must be strictly construed as to provide clear notice of what conduct is being punished, and on the corresponding constitutional mandate that due process requires the state to prove each element of the offense charged beyond a reasonable doubt. Apprendi, 530 U.S. at 490. In Swift, the court was not required to interpret an ambiguous term or phrase or to apply a legislative intent analysis. Instead, it concluded that defendant's 80 year extended term sentence had to be vacated because the factual "finding

THAT DEFENDANT'S CRIME WAS BRUTAL AND HEINOUS
WAS MADE BY THE CIRCUIT COURT, AND THE STATE
WAS NOT HELD TO THE APPROPRIATE BURDEN OF
PROOF." SWIFT, 202 Ill.2d AT 384. THE COURT DID
NOT ANNOUNCE A "NEW RULE" OF EITHER
PROCEDURAL OR SUBSTANTIVE LAW. THEREFORE,
PETITIONER IS ENTITLED TO RELIEF, THE
RETROACTIVITY OF APPRENDI NOTWITHSTANDING.

**SUPREME COURT OF ILLINOIS**

97149

**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

January 28, 2004

Mr. Vincent Miles
Reg. No. N-41203
P. O. Box 99
Pontiac, IL 61764

NO.  97149 - People State of Illinois, respondent, v. Vincent
          Miles, petitioner.  Leave to appeal, Appellate
          Court, Third District.

The Supreme Court today DENIED the petition for leave to
appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court
on February 19, 2004.

1   and have afforded the defendant an opportunity to make a statement

2   in his own behalf, and I have read the sister's statement attached

3   to the presentence report.  Based on an independent assessment

4   of all of these things, in accordance with Illinois Revised Statutes,

5   Chapter 38, Section 1005-5-3.1, the following factors of mitigation

6   are present:  I note from the presentence investigation report

7   that the Department of Corrections said his criminality is due

8   to his immature and impulsive nature, and that he was no behavior

9   problem at that institution.  I further note that from the Peoria

10  Public Schools, that they have found him to be a management problem

11  since he was a baby, and that he is restless and constantly talking

12  to students during or yelling at classmates across the room.  That

13  he has considerable emotional interference with his learning and

14  behavior.  I consider those matters in mitigation.  And while the

15  incident at the jail is also a matter in aggravation, it's further

16  indication of the problem that he started out with as a child.

17  Further, there are findings by the physicians of passive aggressive

18  tendencies, all of which are mitigating factors with respect to

19  this particular crime or crimes that we have before us today.

20          In accordance with Illinois Revised Statute, Chapter

21  38, Section 1005-5-3.2(a), the following factor of aggravation

22  is present:  the defendant has a history of prior delinquency in

23  criminal activity, and the sentence is necessary to deter others

24  from committing the same crime.

64

1        As far as Count 1, 2 and 3 are concerned, I find in

2   accordance with Illinois Revised Statute, Chapter 38, Section

3   1005-5-3.2(b), each would support an extended term because I find

4   in each instance that the offense was accompanied by exceptionally

5   brutal or heinous behavior indicative of wanton cruelty.  Further,

6   with respect to Count 1 and 2, natural life imprisonment would

7   be available because each of those counts indicate a conviction

8   of murder which was accompanied by exceptionally brutal or heinous

9   behavior indicative of wanton cruelty.  Now, with respect to Count

10  2, I find the aggravating factors in 9-1 that the murdered

11  individual was killed in the course of another felony.  He was

12  actually killed by the defendant, and that it was in the course

13  of a robbery.  Further, I find that with respect to both Counts

14  1 and 2, the defendant committed a murder with intention to prevent

15  the murdered individual from testifying in any criminal prosecution

16  or giving material assistance to the State in any investigation

17  or prosecution either against the defendant or another.

18       And in accordance with Illinois Revised Statute, Chapter

19  38, Section 1005-8-4, in each of Count 1, 2 and 3, a consecutive

20  term could be supported because although the offenses were com-

21  mitted as part of a single course of conduct, one of the offenses

22  is a Class X felony, that is the Attempt Murder, and the defendant

23  inflicted severe bodily injury.

24       Now, having found those various requirements for not

65

1  only life imprisonment but for extended term and also for con-
2  secutive sentences, I enter judgments on the findings of guilty
3  of Count 1 and Count 3.  As to Count 1, I am not imposing life
4  nor a consecutive term, but I will impose an extended term of 70
5  years in the Department of Corrections with credit for time served
6  and to pay costs.

7       As to Count 3, I am imposing an extended term of 60 years
8  to run concurrently with that which I have imposed in the murder
9  count and also to pay costs. "

10      The defendant is committed to the custody of the Illinois
11 Department of Corrections for the terms herein specified, and the
12 clerk of the court is directed to issue a minimus demanding the
13 sheriff of this count to transport the defendant to the nearest
14 receiving station designated therefor by said department, and since
15 this judgment is entered pursuant to a conviction after trial upon
16 a plea of not guilty, the defendant may appeal the conviction and
17 the sentence.  The defendant has the right to request that the
18 clerk prepare and file a Notice of Appeal.  If indigent, the defen-
19 dant has the right to a transcript of the proceedings, and the
20 right to appeal will be preserved only if a Notice of Appeal is
21 filed in the trial court within 30 days from the date of this
22 sentencing.

23      . Is there anything further to come before the Court, Ms.
24 Bennett?

66



Page 2

**FILED**

JUL 2 1987
**ORDER**

**LEO E. SULLIVAN**
CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

Vincent Miles
**CASE No.**

| 86 | CF | 616 |

**IT IS HEREBY ORDERED:**

☒ A. That the [defendant's plea(s)] or [jury's verdict(s)] or [Court's finding(s)] of guilty to the charge(s) of Murder, Count 1 Attempt Murder (Count 3) is accepted and entered of record, and the Court hereby enters judgment on the [plea(s)] or [verdict(s)] or [finding(s)] of guilty and convicts the defendant of said charge(s);

☐ B. This matter is referred to the Adult Probation Office of Peoria County for a pre-sentence investigation and report, and the sentencing hearing is set for _____, 19 _____, at _____ A.M. / P.M.

☐ C. That the defendant be sentenced to (Probation/Conditional Discharge/Court Supervision) for a period of _____ commencing this date and it is further ordered that the attached Certificate of Conditions of (Probation/Conditional Discharge/Court Supervision) is expressly incorporated by reference into this order;

☒ D. The defendant is sentenced to imprisonment at the Department of Corrections of Illinois for a term of 70, on Count 1 years or until the defendant is discharged by law, the Court having regard to the nature and circumstance of the offense and to the history, character and condition of the offender and being of the opinion that a sentence of imprisonment is appropriate pursuant to paragraph 1005-6-1 (a), (1), or (2) of Chap. 38, of the Ill. Rev. Stat., and:

   ☒ (1) Said sentence is to run concurrently with the sentence in Case No(s). _____ in County, State of _____

   ☐ (2) Said sentence is to run consecutively with the sentence in Case No(s). _____ in _____ County, State of _____

☐ E. That the defendant pay a fine of _____

☐ F. That the defendant make restitution to the victim(s) _____ in the amount of _____ to be paid _____

☒ G. That a judgment be entered against the defendant for costs; cost 1,493.00    40 275 15

☒ H. That the Court, pursuant to S. Ct. Rule [605(a)] [605(b)] informs the defendant of his appeal rights;    1163.00

☐ I. That a mittimus not be issued immediately but that the defendant be allowed _____ in order to wind up his affairs and the defendant is to report to the Peoria County Jail on _____ 19 _____ at _____ A.M./P.M.

☒ J. That a mittimus is to be issued and executed without delay. The defendant is remanded to the custody of the Sheriff of Peoria County for transmittal to the Department of Corrections of Illinois;

☒ K. Other: Post-trial Motions renewed and considered; Motions DENIED.

DATE ENTERED 86- 7-2-87    s/ Judge Judge of the Tenth Judicial Circuit

Clerk - White
Court Services - Green
Defendant - Yellow
State - pink
CIS - Goldenrod

C 391

Form 9
5M-2/86

Page 2 of 2 pages

No. 97149

IN THE SUPREME COURT OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Appellate  Court |
| | ) of Illinois, Third Judicial District |
| Plaintiff-Respondent, | ) No. 3-01-0597 |
| | ) |
| -vs- | ) There heard on Appeal from the Circuit |
| | ) Court of the 10th Judicial Circuit, |
| VINCENT MILES, | ) Peoria County, Illinois No. 86-CF-616 |
| | ) |
| Defendant-Petitioner. | ) Honorable MICHAEL BRANDT, |
| | ) Presiding Judge. |

## PROOF OF SERVICE

TO:  Hon. Lisa Madigan, Attorney General, 100 W. Randolph, 12th Fl., Chicago IL 60601
Hon. Kevin Lyons, State's Attorney, Peoria County, Peoria IL 61602
Mr. Lawrence Bauer, Deputy Director, 628 Columbus St., Ottawa IL 61350


You are hereby notified that the Defendant-Petitioner, Vincent Miles, pro-se,

has filed the requisite number of copies of the attached MOTION FOR RECONSIDERATION

with the accompaning ORDER in the above entitled cause by placing said copies in

the U.S. Mail Box at the Pontiac Correctional Center, Pontiac IL 61764.  A

copy is hereby served upon you.

/s/ _Vincent Miles_
Vincent Miles, pro se


STATE OF ILLINOIS    )
) ss
COUNTY OF LIVINGSTON )


PURSUANT TO 735 ILCS 5/109, I declare under penalty of perjury that I am the
petitioner in the above cause, that I have read the above document, and that
the information is true and correct to the best of my knowledge and belief.

DATE: _1 - 25-05_                        _Vincent Miles_
Vincent Miles

_____
NOTARY PUBLIC

SUPREME COURT

STATE OF ILLINOIS

No. 97149

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | )  Appeal from the Appellate Court<br>)  of Illinois, Third Judicial District<br>)  No. 3-01-0597<br>) |
| -vs- | )  There heard on Appeal from the Circuit<br>)  Court of the 10th Judicial Circuit, |
| VINCENT MILES | )  Peoria County, Illinois No. 86-CF-616<br>) |
| | )  Honorable MICAEL BRANDT,<br>)  Presiding Judge. |

### ORDER

This matter coming on to be heard upon the motion by the petitioner for reconsideration of this Court's order denying the petitioner's Petition for Leave To Appeal, notice having been served upon all parties and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that the motion is **denied/allowed.** IT IS FURTHER ORDERED that all parties file their briefs on or before_____2004/that the MANDATE of this Court be issued forthwith.

_____
Justice

Vincent Miles, petitioner, pro se, Reg. No. N41303, P.O. Box 99, Pontiac I1 61764
Hon. Lisa Madigan, Attorney General, 100 W. Randolph, 12th Fl., Chicago IL 60601
Hon. Kevin Lyons, State's Attorney, Peoria County, Peoria IL 61602
Mr. Lawrence Bauer, Deputy Director, 628 Columbus St., Ottawa IL 61350

IN THE

U.S. DISTRICT COURT
CENTRAL DIVISION

VINCENT MILES
Plaintiff,

v.

GUY PIERCE
Defendant

)
)
)  Case No. 86-CF-616
)
)
)
)

## PROOF/CERTIFICATE OF SERVICE

TO: CLERK OF THE U.S.        TO: _____
    DISTRICT COURT               _____
    100 N.E. MONROE              _____
    PEORIA, IL 61602            _____

PLEASE TAKE NOTICE that on __JAN 25_____, 20 05, I have placed the
documents listed below in the institutional mail at __PONTIAC__ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: _____
PETITION FOR WRIT OF HABEAS CORPUS, ATTACHED
MEMORANDUM OF LAW.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury,
that I am a named party in the above action, that I have read the above documents, and that the
information contained therein is true and correct to the best of my knowledge.

DATE: _JAN 25, 2005_

/s/ _Vincent Miles_
NAME: VINCENT MILES
IDOC#: N-41303
PONTIAC Correctional Center
P.O. BOX 99
PONTIAC_____, IL 61764

Revised Jan 2002