RECEIVED
JAN 18 2005
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED
Tuesday, 08 March, 2005 03:58:18 PM
Clerk, U.S. District Court, ILCD
MAR -7 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District CENTRAL |
|---|---|
| Name VINCENT MILES | Prisoner No. N-41303 | Case No. 86-CF-616 |
| Place of Confinement PONTIAC CORRECTIONAL CENTER P.O. BOX 99, PONTIAC, IL 61764 | | 05-1026 |

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| VINCENT MILES | v. GUY PIERCE |

The Attorney General of the State of:

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  CIRCUIT COURT OF PEORIA COUNTY, PEORIA, ILLINOIS

2. Date of judgment of conviction  JULY 2, 1987

3. Length of sentence  SEVENTY (70) YEARS

4. Nature of offense involved (all counts)  TWO (2) COUNTS OF FIRST DEGREE MURDER (MERGED), ONE (1) COUNT OF ATTEMPT FIRST DEGREE MURDER.

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   _____
   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

AO 241 (Rev. 5/85)

THE FACTOR USED TO EXTEND HIS SENTENCE PAST THE STATUTORY MAXIMUM.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result _COURT GRANTED STATE'S MOTION TO DISMISS_

(6) Date of result _SEPTEMBER 16, 2003._

(b) As to any second petition, application or motion give the same information:

(1) Name of court _N/A_

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☒  No ☐
(2) Second petition, etc.  Yes ☐  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. Ground one: THE TRIAL COURT VIOLATED PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS.

Supporting FACTS (state briefly without citing cases or law): THE TRIAL COURT ERRED IN IMPOSING AN EXTENDED TERM SENTENCE BASED ON THE FACT THAT THE OFFENSE WAS "ACCOMPANIED BY BRUTAL OR HEINOUS BEHAVIOR INDICATIVE OF WANTON CRUELTY," WHERE SAID FACTOR CONSTITUTED AN ELEMENT OF THE OFFENSE THAT WAS NEVER SUBMITTED TO THE JURY OR PROVEN BEYOND A REASONABLE DOUBT.

(SEE ATTACHED MEMORANDUM OF LAW)

B. Ground two: _____

Supporting FACTS (state briefly without citing cases or law): _____

(5)

AO 241 (Rev. 5/85)

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

D. Ground four _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing  PEORIA COUNTY PUBLIC DEFENDER

(b) At arraignment and plea  PEORIA COUNTY PUBLIC DEFENDER

(6)

AO 241 (Rev. 5/85)

    (c) At trial  PEORIA COUNTY PUBLIC DEFENDER

    (d) At sentencing  PEORIA COUNTY PUBLIC DEFENDER

    (e) On appeal  ILLINOIS APPELLATE DEFENDER

    (f) In any post-conviction proceeding  PEORIA COUNTY PUBLIC DEFENDER

    (g) On appeal from any adverse ruling in a post-conviction proceeding  ILLINOIS APPELLATE DEFENDER.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_1-25-05_
(date)

_Vincent Miles_
Signature of Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

VINCENT MILES,
　　PETITIONER,

vs.

GUY PIERCE,
　　RESPONDENT.

MEMORANDUM OF LAW IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

INTRODUCTION

PETITIONER SEEKS COLLATERAL REVIEW OF HIS CONVICTIONS ENTERED ON JULY 2, 1987 IN THE CIRCUIT COURT OF PEORIA COUNTY, ILLINOIS FOR THE OFFENSES OF FIRST DEGREE MURDER, AND ATTEMPT FIRST DEGREE MURDER.

## CONSTITUTIONAL ISSUE PRESENTED FOR REVIEW

THE TRIAL COURT ERRED IN IMPOSING AN EXTENDED TERM SENTENCE BASED ON THE FACT THAT THE OFFENSE WAS "ACCOMPANIED BY BRUTAL OR HEINOUS BEHAVIOR INDICATIVE OF WANTON CRUELTY," WHERE SAID FACTOR CONSTITUTED AN ELEMENT OF THE OFFENSE THAT WAS NEVER SUBMITTED TO THE JURY OR PROVEN BEYOND A REASONABLE DOUBT.

PETITIONER WAS TRIED BY A JURY AND FOUND GUILTY OF TWO (2) COUNTS OF MURDER AND ONE (1) COUNT OF ATTEMPT MURDER. (ILL.REV.STAT. 1985, CH 38 PARAS 9-1(a)(2), 9-1(a)(3), 8-4(a) - 9-1(a)(1)). THE DEATH QUALIFIED JURY FOUND PETITIONER INELIGIBLE FOR THE DEATH PENALTY. THE COURT SUBSEQUENTLY SENTENCED PETITIONER TO EXTENDED TERMS OF SEVENTY (70) YEARS IMPRISONMENT FOR MURDER AND SIXTY (60) YEARS FOR ATTEMPT MURDER (REDUCED TO 30 YEARS ON DIRECT APPEAL), BASED ON THE COURT'S FINDING THAT THE OFFENSES WERE ACCOMPANIED BY EXCEPTIONALLY BRUTAL AND HEINOUS BEHAVIOR INDICATIVE OF WANTON CRUELTY (ILL. REV. STAT. 1985, CH 38, PARAS 1005-8-2(a)(1), 1005-5-3.2(b)(2)). PETITIONER CONTENDS THAT THE TRIAL COURT ERRED IN IMPOSING AN EXTENDED SENTENCE BASED ON A FACTOR THAT WAS NEVER SUBMITTED TO THE JURY OR PROVEN BEYOND A

REASONABLE DOUBT. APPRENDI v. NEW JERSEY, 530 U.S. 466, 120 S.CT. 2348 (2000).

PETITIONER'S CLAIM CAN BE RESOLVED WITHOUT ADDRESSING THE RETROACTIVITY OF APPRENDI.

IN PEOPLE v. SWIFT, 202 Ill.2d 378, 781 N.E.2d 292 (2002), THE ILLINOIS SUPREME COURT WAS ASKED TO REVIEW THE CONSTITUTIONALITY OF DEFENDANT'S EIGHTY (80) YEAR EXTENDED TERM SENTENCE -- IMPOSED BECAUSE THE COURT FOUND THE MURDER TO BE "EXCEPTIONALLY BRUTAL OR HEINOUS" -- IN LIGHT OF THE SUPREME COURT'S DECISION IN APPRENDI. THE CENTRAL ISSUE IN SWIFT WAS THE CONSTRUCTION OF THE ILLINOIS SENTENCING STATUTES THAT ESTABLISH THE PENALTIES FOR FIRST DEGREE MURDER. SPECIFICALLY, AFTER NOTING THAT THE ISSUE WAS "A QUESTION OF STATUTORY INTERPRETATION," 202 Ill.2d AT 379, THE COURT HELD THAT THE PLAIN LANGUAGE OF THE STATUTES REVIEWED LIMITED A SENTENCE IMPOSED FOR FIRST DEGREE MURDER TO A TERM OF IMPRISONMENT BETWEEN 20 AND 60 YEARS. THE COURT STATED THAT FOR ANY OTHER SENTENCE TO BE IMPOSED, "ADDITIONAL FACTS MUST BE PROVEN" "BEYOND A REASONABLE DOUBT." SWIFT, 202 Ill.2d AT 384. THE SWIFT DECISION CONSTITUTED THE FIRST INTERPRETATION OF THE FIRST DEGREE MURDER

SENTENCING STATUTE IN THIS FASHION BY THE ILLINOIS SUPREME COURT.

JUDICIAL CONSTRUCTION OF A STATUTE IS AN AUTHORITATIVE STATEMENT OF WHAT THE STATUTE MEANT BEFORE AS WELL AS AFTER THE DECISION GIVING RISE TO THAT CONSTRUCTION. RIVERS V. ROADWAY EXPRESS, INC., 511 U.S. 298, 312-313 (1994). UNDER THIS PRINCIPLE, A STATUTE CANNOT MEAN ONE THING PRIOR TO A COURT'S INTERPRETATION AND SOMETHING ENTIRELY DIFFERENT AFTERWARDS. DASHNEY V. UNITED STATES, 52 F.3d 298, 299 (10TH CIR. 1993). THUS, IN FIORE V. WHITE, 531 U.S. 225, 121 S.CT. 712 (2001), THE UNITED STATES SUPREME COURT HELD THAT WHEN A STATE SUPREME COURT INTERPRETS A STATE STATUTE FOR THE FIRST TIME, THE LAW PRESUMES THAT THE STATUTE CARRIED THAT MEANING GIVEN BY THE COURT SINCE ITS ENACTMENT, RENDERING A RETROACTIVITY ANALYSIS UNNECESSARY. FIORE, 531 U.S. AT 229.

FIORE INVOLVED A PENNSYLVANIA STATUTE THAT THE PENNSYLVANIA SUPREME COURT INTERPRETED FOR THE FIRST TIME ON APPEAL, AFTER DEFENDANT FIORE'S CONVICTION BECAME FINAL. UNDER THE PENNSYLVANIA SUPREME COURT'S INTERPRETATION OF THE CRIMINAL STATUTE, FIORE COULD NOT HAVE BEEN

guilty of the crime for which he was convicted. Fiore, 531 U.S. at 226-228. The United States Supreme Court originally granted certiorari in Fiore to consider "when, or whether, the Federal Constitution's Due Process Clause requires a state to apply a new interpretation of a state criminal statute retroactively to cases on collateral review." Because the Court was uncertain whether "the Pennsylvania Supreme Court's decision . . . represented a change in the law," it certified a question to the Pennsylvania Supreme Court. Fiore, 531 U.S. at 228. This question asked whether Pennsylvania Supreme Court's interpretation of the statute "stated the correct interpretation of the law of Pennsylvania at the time Fiore's conviction became final." Fiore, 531 U.S. at 228.

When the Pennsylvania Supreme Court replied that the ruling "merely clarified the plain language of the statute," Fiore, 531 U.S. at 228, the question on which the Court originally granted certiorari disappeared. Pennsylvania's answer revealed the "simple inevitable conclusion" that Fiore's conviction violated due process. Fiore, 531 U.S. at 228. It has long been recognized that "the Due Process Clause . . . forbids a state to convict

a person of a crime without proving the elements of the crime beyond a reasonable doubt." FIORE 531 U.S. AT 228-229. Because Pennsylvania law -- as interpreted by later state supreme court decisions -- made clear that Fiore's conduct did not violate an element of the statute, his conviction and sentence did not satisfy the strictures of the due process clause. Consequently, "retroactivity [was] not at issue." FIORE 531 U.S. AT 226.

FIORE controls the result here. SWIFT did not create a new rule of law. The succinct SWIFT opinion makes no reference to earlier decisional law contrary to its conclusion. Rather, its decision is based on the single principle that penal statutes must be strictly construed as to provide clear notice of what conduct is being punished, and on the corresponding constitutional mandate that due process requires the state to prove each element of the offense charged beyond a reasonable doubt. APPRENDI, 530 U.S. AT 490. In SWIFT, the court was not required to interpret an ambiguous term or phrase or to apply a legislative intent analysis. Instead, it concluded that defendant's 80 year extended term sentence had to be vacated because the factual "finding

that defendant's crime was brutal and heinous was made by the circuit court, and the state was not held to the appropriate burden of proof." SWIFT, 202 Ill.2d at 384. The court did not announce a "new rule" of either procedural or substantive law. Therefore, petitioner is entitled to relief, the retroactivity of APPRENDI notwithstanding.

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

97149

January 28, 2004

Mr. Vincent Miles
Reg. No. N-41203
P. O. Box 99
Pontiac, IL 61764

No. 97149 - People State of Illinois, respondent, v. Vincent Miles, petitioner. Leave to appeal, Appellate Court, Third District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on February 19, 2004.

and have afforded the defendant an opportunity to make a statement in his own behalf, and I have read the sister's statement attached to the presentence report. Based on an independent assessment of all of these things, in accordance with Illinois Revised Statutes, Chapter 38, Section 1005-5-3.1, the following factors of mitigation are present: I note from the presentence investigation report that the Department of Corrections said his criminality is due to his immature and impulsive nature, and that he was no behavior problem at that institution. I further note that from the Peoria Public Schools, that they have found him to be a management problem since he was a baby, and that he is restless and constantly talking to students during or yelling at classmates across the room. That he has considerable emotional interference with his learning and behavior. I consider those matters in mitigation. And while the incident at the jail is also a matter in aggravation, it's further indication of the problem that he started out with as a child. Further, there are findings by the physicians of passive aggressive tendencies, all of which are mitigating factors with respect to this particular crime or crimes that we have before us today.

In accordance with Illinois Revised Statute, Chapter 38, Section 1005-5-3.2(a), the following factor of aggravation is present: the defendant has a history of prior delinquency in criminal activity, and the sentence is necessary to deter others from committing the same crime.

64

1    only life imprisonment but for extended term and also for con-
2    secutive sentences, I enter judgments on the findings of guilty
3    of Count 1 and Count 3.  As to Count 1, I am not imposing life
4    nor a consecutive term, but I will impose an extended term of 70
5    years in the Department of Corrections with credit for time served
6    and to pay costs.

7    As to Count 3, I am imposing an extended term of 60 years
8    to run concurrently with that which I have imposed in the murder
9    count and also to pay costs.

10   The defendant is committed to the custody of the Illinois
11   Department of Corrections for the terms herein specified, and the
12   clerk of the court is directed to issue a minimus demanding the
13   sheriff of this count to transport the defendant to the nearest
14   receiving station designated therefor by said department, and since
15   this judgment is entered pursuant to a conviction after trial upon
16   a plea of not guilty, the defendant may appeal the conviction and
17   the sentence.  The defendant has the right to request that the
18   clerk prepare and file a Notice of Appeal.  If indigent, the defen-
19   dant has the right to a transcript of the proceedings, and the
20   right to appeal will be preserved only if a Notice of Appeal is
21   filed in the trial court within 30 days from the date of this
22   sentencing.

23   . Is there anything further to come before the Court, Ms.
24   Bennett?

No. 97149

IN THE SUPREME COURT OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the Appellate Court |
| ) | of Illinois, Third Judicial District |
| Plaintiff-Respondent, ) | No. 3-01-0597 |
| ) | |
| -vs- ) | There heard on Appeal from the Circuit |
| ) | Court of the 10th Judicial Circuit, |
| VINCENT MILES, ) | Peoria County, Illinois No. 86-CF-616 |
| ) | |
| Defendant-Petitioner. ) | Honorable MICHAEL BRANDT, |
| ) | Presiding Judge. |

PROOF OF SERVICE

TO: Hon. Lisa Madigan, Attorney General, 100 W. Randolph, 12th Fl., Chicago IL 60601
Hon. Kevin Lyons, State's Attorney, Peoria County, Peoria IL 61602
Mr. Lawrence Bauer, Deputy Director, 628 Columbus St., Ottawa IL 61350

You are hereby notified that the Defendant-Petitioner, Vincent Miles, pro-se, has filed the requisite number of copies of the attached MOTION FOR RECONSIDERATION with the accompaning ORDER in the above entitled cause by placing said copies in the U.S. Mail Box at the Pontiac Correctional Center, Pontiac IL 61764. A copy is hereby served upon you.

/s/ _Vincent Miles_
Vincent Miles, pro se

STATE OF ILLINOIS   )
                    ) ss
COUNTY OF LIVINGSTON)

PURSUANT TO 735 ILCS 5/109, I declare under penalty of perjury that I am the petitioner in the above cause, that I have read the above document, and that the information is true and correct to the best of my knowledge and belief.

DATE: 1-25-05

_Vincent Miles_
Vincent Miles

NOTARY PUBLIC

SUPREME COURT
STATE OF ILLINOIS

No. 97149

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) Appeal from the Appellate Court<br>) of Illinois, Third Judicial District<br>) No. 3-01-0597<br>) |
| -vs- | ) There heard on Appeal from the Circuit<br>) Court of the 10th Judicial Circuit,<br>) Peoria County, Illinois No. 86-CF-616 |
| VINCENT MILES | ) <br>) Honorable MICAEL BRANDT,<br>) Presiding Judge. |

**ORDER**

This matter coming on to be heard upon the motion by the petitioner for reconsideration of this Court's order denying the petitioner's Petition for Leave To Appeal, notice having been served upon all parties and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that the motion is **denied/allowed.** IT IS FURTHER ORDERED that all parties file their briefs on or before_____2004/that the MANDATE of this Court be issued forthwith.

_____
Justice

Vincent Miles, petitioner, pro se, Reg. No. N41303, P.O. Box 99, Pontiac Il 61764
Hon. Lisa Madigan, Attorney General, 100 W. Randolph, 12th Fl., Chicago IL 60601
Hon. Kevin Lyons, State's Attorney, Peoria County, Peoria IL 61602
Mr. Lawrence Bauer, Deputy Director, 628 Columbus St., Ottawa IL 61350

IN THE
U.S. DISTRICT COURT
CENTRAL DIVISION

VINCENT MILES )
Plaintiff, )
)  Case No. 86-CF-616
v. )
)
GUY PIERCE )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: CLERK OF THE U.S.
DISTRICT COURT
100 N.E. MONROE
PEORIA, IL 61602

TO: _____

PLEASE TAKE NOTICE that on JAN 25, 2005, I have placed the documents listed below in the institutional mail at PONTIAC Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: PETITION FOR WRIT OF HABEAS CORPUS, ATTACHED MEMORANDUM OF LAW.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: JAN 25, 2005

/s/ Vincent Miles
NAME: VINCENT MILES
IDOC#: N-41303
PONTIAC Correctional Center
P.O. BOX 99
PONTIAC, IL 61764

Revised Jan 2002