IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. VINCENT MILES, | ) ) ) | |
| Petitioner, | ) ) | No. 05 C 1026 |
| vs. | ) ) | The Honorable |
| GUY PIERCE, Warden, | ) ) | Joe Billy McDade, Judge Presiding. |
| Respondent. | ) | |

**MOTION TO DISMISS**

Now comes respondent, by his attorney, LISA MADIGAN, Attorney General of Illinois, and respectfully moves this Honorable Court to grant his Motion to Dismiss petitioner's Petition for Writ of Habeas Corpus as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996. A memorandum of law in support of respondent's Motion to Dismiss is attached hereto.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:    s/Russell K. Benton
RUSSELL K. BENTON
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2113
FAX (312) 814-5166
E-Mail: Rbenton@atg.state.il.us
Att.Reg.No: 6203142

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. VINCENT MILES, ) ) ) | |
| Petitioner, ) ) | No. 05 C 1026 |
| vs. ) ) ) | The Honorable |
| GUY PIERCE, Warden, ) ) | Joe Billy McDade, Judge Presiding. |
| Respondent. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

Now comes respondent, by his attorney, LISA MADIGAN, Attorney General of Illinois, and pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, asks that the above-captioned petition for writ of habeas corpus be dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996. In support thereof, he states:

1. Petitioner, Vincent Miles, is in the custody of Guy Pierce, Warden of Pontiac Correctional Center, and is identified as prisoner number N-41303.

2. On July 2, 1987, petitioner was found guilty of two counts of first degree murder and one count of attempted first degree murder in the Circuit Court of Peoria County. He received a sentence of seventy (70) years. *See* Pet. at 1.

3. Petitioner appealed to the Illinois Appellate Court. On November 22, 1988, the appellate court affirmed his convictions and modified his attempted murder sentence to thirty (30) years'.[1] *See* Exhibit A (Order of Illinois Appellate Court, People v. Miles, 3-87-0453 (November 22,

---

[1] His sentence for the murder convictions remained at 70 years'.

1988).² He did not file a petition for leave to appeal ("PLA") the appellate court's decision to the Illinois Supreme Court. *See* Pet. at 2; *see also* Exhibit D (PLA to Illinois Supreme Court, People v. Miles, No. 97149, at 2, par. 3 (Petitioner's confirmation that he never filed a PLA)).³

4.   Petitioner filed his first post-conviction petition with the Circuit Court of Peoria County on March 28, 1989. *See* Exhibit C at 2. Petitioner filed a second post-conviction petition on March 18, 1997. Id. That petition was denied on the following day.⁴ Id.

5.   On February 7, 2001, petitioner filed a third petition for post-conviction relief raising a claim under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); *see* Exhibit B (Order of Illinois Appellate Court, People v. Miles, No. 3-01-0597, September 16, 2003). This petition was subsequently dismissed. Petitioner appealed the circuit court's dismissal, but the appellate court affirmed on the Illinois Supreme Court's decision in People v. De La Paz, 204 Ill.2d 426, 791 N.E.2d 489 (2003).⁵ Petitioner sought rehearing, which was denied. *See* Exhibit C (Petitioner's motion for rehearing).

6.   On October 15, 2003, petitioner filed a PLA to the Illinois Supreme Court raising his Apprendi issue. *See* Exhibit D. On January 28, 2004, the Illinois Supreme Court denied his petition.

---

² As petitioner's only issue before this Court involves a claim under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), even if his claim is not time-barred, any issue raised in the 1988 appeal would be irrelevant to his petition and procedurally defaulted as petitioner failed to appeal to the Illinois Supreme Court.

³ The PLA cited as Exhibit D was from a subsequent action.

⁴ No record exists that petitioner took further action from that dismissal and petitioner offers nothing to demonstrate that any showing of further action taken on his part.

⁵ The appellate court also noted that petitioner never sought a PLA from its November 22, 1988 order meaning that Apprendi came down more than 11 years after petitioner's direct appeals were exhausted. *See* Exhibit B at 2.

*See* Exhibit E (Order of Illinois Supreme Court in People v. Miles, No. 97149 denying PLA). Petitioner sought to have the Illinois Supreme Court reconsider his PLA (*see* Exhibit F, Petitioner's motion for reconsideration), but on April 20, 2004, that court denied his motion. *See* Exhibit G (Order of Illinois Supreme Court denying motion for reconsideration).

7. Petitioner filed the instant petition for habeas corpus relief under Section 2254 of Title 28 of the United States Code on January 25, 2005. He raises one issue for this Court's review: (1) Whether his extended-term sentence violated the standards of Apprendi.[6]

8. Petitioner has fully exhausted his state remedies as required by 28 U.S.C. §2254(b), in that he has no further state court avenues of review.

9. The AEDPA became effective on April 24, 1996 and imposed, under 28 U.S.C. 2244 (d), a one-year statute of limitations for filing Section 2254 petitions for writ of habeas corpus. Section 2244 (d) provides that:

(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[6] Even if this Court does not find the instant petition time-barred, petitioner is still not entitled to habeas relief since his only issue, an Apprendi claim, cannot be the basis for federal habeas relief. *See* Dellinger v. Bowen, 301 F.3d 758, 765 (7th Cir. 2002.). Petitioner attempts to avoid the non-retroactivity of Apprendi (*see* pet. at 3 "Petitioner's claim can be resolved without addressing the retroactivity of Apprendi"), but petitioner's original claim in this action was an Apprendi claim, and petitioner cannot simply change his stated reason to avoid the consequences of previous filings. *See* Exhibits B and C. Ultimately, petitioner's habeas petition is time-barred and however he phrases his Apprendi based arguments, they are not cognizable in this collateral proceeding.

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

10. Although the one-year limitations period became effective on April 24, 1996, the United States Court of Appeals for the Seventh Circuit, in Lindh v. Murphy, 96 F. 3d 856, 865-866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997), recognized a one-year grace period with respect to the application of Section 2244(d)(1). Under this grace period, state prisoners are allowed to challenge state court judgments which "become final by the conclusion of direct review or the expiration of time for seeking such review" more than one year prior to the filing date of habeas corpus petitions, so long as the petitions are filed by April 23, 1997. Lindh, 96 F. 3d at 866. Under 2244(d), for the following reasons, petitioner's habeas petition is clearly time-barred.

11. Petitioner's direct appeal to the Illinois Appellate Court concluded on November 22, 1988. *See* Exhibit A. He never sought to appeal that decision to the Illinois Supreme Court. *See* Exhibit D. But according to Lindh, the one-year grace period, began tolling on April 24, 1996.

Petitioner filed his second post-conviction petition on March 18, 1997,[7] tolling the "clock" at 338 days.[8] That petition was dismissed on March 19, 1997. *See* Exhibit C. There is no evidence that petitioner appealed the circuit court's judgment; he provides no support that he did. Thus, after excluding the 30 days that petitioner had to appeal the dismissal (*see* Illinois Supreme Court Rule 303(a)(1)), the "clock" began running on again on April 18, 1997, and continued to run until April 7, 2001 when petitioner filed a third post-conviction petition. At that time, 1788 days had run. (338 days between April 24, 1996 and March 18, 1997, and 1450 days between April 18, 1997 and April 7, 2001). And still more time elapsed after petitioner's collateral attack concluded on April 20, 2004, when the Illinois Supreme Court denied his motion for reconsideration of his petition for leave to appeal. Between April 20, 2004, and January 25, 2005, the date petitioner filed for federal habeas relief, an additional 280 days lapsed. Therefore, petitioner 's habeas petition was filed 1703 days beyond the one-year grace period.

12.    Because petitioner did not file his petition for writ of habeas corpus within the limitations period set forth in 28 U.S.C. 2244(d)(1), this Court must dismiss it as untimely. Giving petitioner *every* benefit of the doubt and using the dates in his own petition, it is clear he still missed the deadline by over 4 years and, as a result, violated the AEDPA's strict rules. Accordingly, his petition should be dismissed with prejudice.

---

[7] His first petition was filed in 1989.

[8] The tolling dates respondent uses are based on the premise that petitioner's second petition was properly filed despite being a successive petition. Such a premise is actually quite unlikely; petitioner's second petition was dismissed on the *very next day* after it was filed. (*see* Exhibit C). But because respondent has been unable to procure a copy of the circuit court's decision, he will give petitioner the benefit of the doubt and assume it was a properly filed petition. Such an assumption has no bearing on the ultimate finding that petitioner's habeas petition is untimely.

.                        **Conclusion**

WHEREFORE, based on the foregoing, respondent requests that this Honorable Court dismiss the petition for writ of habeas corpus with prejudice as the instant petition is time-barred.

          Respectfully submitted

          LISA MADIGAN
          Attorney General of Illinois

BY    s/Russell K. Benton
          RUSSELL K. BENTON
          Assistant Attorney General
          100 West Randolph Street
          12th Floor
          Chicago, Illinois 60601
          (312) 814-2113
          FAX (312) 814-5166
          E-Mail: Rbenton@atg.state.il.us
          Att.Reg.No: 6203142

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

―――――――――――――――――――――――――――――――――――――――――――

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) | |
|     VINCENT MILES, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 05 C 1026 |
| vs. ) | |
| ) | The Honorable |
| GUY PIERCE, Warden, ) | Joe Billy McDade, |
| ) | Judge Presiding. |
| Respondent. ) | |

―――――――――――――――――――――――――――――――――――――――――――

I hereby certify that on April 4, 2004, I electronically filed this motion for extension of time with the Clerk of the United States District Court for the Central District using the CM/ECF system.

I also certify that on April 4, 2005, I mailed by United States Postal Service, the document to the following non-registered participant: Vincent Miles.

                                                                      BY    s/Russell K. Benton
                                                                                 RUSSELL K. BENTON
                                                                                 Assistant Attorney General
                                                                                 100 West Randolph Street
                                                                                 12th Floor
                                                                                 Chicago, Illinois 60601
                                                                                 (312) 814-2113
                                                                                 FAX (312) 814-5166
                                                                                 E-Mail: Rbenton@atg.state.il.us
                                                                                 Att.Reg.No: 6203142

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

_____

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br> VINCENT MILES, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> GUY PIERCE, Warden, ) <br> ) <br> Respondent. ) | No. 05 C 1053 <br><br> The Honorable <br> Joe Billy McDade, <br> Judge Presiding. |

_____

## **ORDER**

This causing coming to be heard on motion of respondent to dismiss petitioner's Petition for Writ of Habeas Corpus as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that the motion be and the same is GRANTED/DENIED.

ENTER:

_____

Russell K. Benton
Attorney for: Plaintiff-Appellee
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2113
FAX: (312) 814-5166
E-mail: Rbenton@atg.state.il.us
Att.Reg.No.:6203142