**97149**

No. _____

IN THE SUPREME COURT OF ILLINOIS

| | |
|---|---|
| PEOPLE ~~OF THE~~ STATE OF ILLINOIS, ) | Appeal from the Appellate Court of |
| ) | Illinois, Third Judicial District, |
| ~~Plaintiff~~-Respondent, ) | No. 3-01-0597 |
| ) | |
| ) | There Heard on Appeal from the |
| -v~~s~~- ) | Circuit Court of the 10th Judicial |
| ) | Circuit, Peoria County, Illinois, |
| ) | No. 86-CF-616 |
| VINCENT MILES, ) | |
| ) | Honorable Michael Brandt, |
| ~~Defendant~~-Petitioner. ) | Presiding Judge. |

PETITION FOR LEAVE TO APPEAL

VINCENT MILES, pro se.
Reg. No. N-41203
P.O. Box 99
Pontiac, Illinois  61764

**FILED**

OCT 1 5 2003

SUPREME COURT CLERK

35-1021 03
R-091603
No RH

Exhibit C

i

**POINTS AND AUTHORITIES**

STATEMENT OF FACTS

People v. Miles, 179 Ill.App.3d 1109 (Unpublished under S.Ct. R. 23). . . . 2

Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000) 2

People v. DeLa Paz, No. 93208 (Ill. May 8, 2003) . . . . . . . . . . . . . 2


ARGUMENT

THE EXTENDED TERM SENTENCE IN MR. MILES' CASE VIOLATES SEPARATION OF POWERS AND EX POST FACTO PRINCIPLES BECAUSE IT PUNISHES MR. MILES FOR CONDUCT THAT WAS NOT AN ELEMENT OF THE CRIME.

Apprendi v. New Jersey, 530 U.S. 466. . . . . . . . . . . . . . . . . . . 3

People v. Swift, 202 Ill.2d 378, 781 N.E.2d 292 (2002). . . . . . . . . . 3

Teague v. Lane, 489 U.S. 288 (1989) . . . . . . . . . . . . . . . . . . . 3

People v. DeLa Paz, No. 93208 (Ill. May 8, 2003) . . . . . . . . . . . . 3

Fiore v. White, 531 U.S. 225 (2001) . . . . . . . . . . . . . . . . . . . 4

Rivers v. Roadway Express, 511 U.S. 298 (1994). . . . . . . . . . . . . . 4

People v. Taylor, 102 Ill.2d 201, 464 N.E.2d 1058 (1984). . . . . . . . . 4

Ill. Const. Art. 2, Sec. 1 . . . . . . . . . . . . . . . . . . . . . . . 4

U.S. Const. Art. 1, Sec. 9 . . . . . . . . . . . . . . . . . . . . . . . 5

Ill. Const. Art. 1, Sec. 16 . . . . . . . . . . . . . . . . . . . . . . . 5

Weaver v. Graham, 450 U.S. 24 (1981) . . . . . . . . . . . . . . . . . . 5

People v. Criss, 307 Ill.App.3d 888, 719 N.E.2d 776 (1st Dist. 1999). . . 5

U.S. Const., 14th Amendment . . . . . . . . . . . . . . . . . . . . . . . 5

Ill. Const. Art. 1, Sec. 2 . . . . . . . . . . . . . . . . . . . . . . . 5

U.S. v. Cotton, 535 U.S. 625 (2002) . . . . . . . . . . . . . . . . . . . 5

U.S. v. Dashaney, 52 F.3d 298 (10th Cir. 1995) . . . . . . . . . . . . . 5

1

## PRAYER

The defendant-petitioner, VINCENT MILES, proceeding pro se, prays for leave to appeal from the judgment of the Appellate Court, Third Judicial District, which affirmed the convictions and sentence in the afore-referenced matter. The opinion of the Appellate Court was rendered on September 16, 2003, and is attached as Appendix A to this Petition. No petition for rehearing was filed. The defendant's Notice of Intent to file for leave to appeal was filed in the Appellate Court on September 23, 2003 (Appendix B).

This petition is filed within 35 days of the Appellate Court's order affirming petitioner's conviction and sentence as required by Rule 315(b) of this Court.

## ISSUE FOR REVIEW

WHETHER MR. MILES' EXTENDED TERM SENTENCE VIOLATES SEPERATION OF POWERS AND EX POST FACTO PRINCIPLES BECAUSE IT PUNISHES HIM FOR CONDUCT THAT WAS NOT AN ELEMENT OF THE CRIME.

## STANDARD OF REVIEW

Because the issue raised in this petition affects Mr. Miles' substantial rights to due process, and fair trial, and because this issue raises a question of law not decided by this court, plain error exists, and a *de novo* review is required.

2

## STATEMENT OF FACTS

Vincent Miles was convicted of two counts of first degree murder and one count of attempted murder and was sentenced to 70 years imprisonment for murder and 60 years for attempted murder. (C. 391).

His conviction was affirmed on November 22, 1988, (C. 456-66) but the Appellate Court reduced the sentence for attempted murder to 30 years. People v. Miles, 179 IllApp.3d 1109 (unpublished pursuant to Supreme Court Rule 23). There was no petition for leave to appeal filed. (C. 493).

Mr. Miles filed his first post-conviction petition on March 28, 1989. (C. 414-70). Mr. Miles filed a second post-conviction on March 18, 1997, which was dismissed by the trial judge on March 19, 1997. (C. 499-506).

The petitioner filed the instant petition for post-conviction relief on February 7, 2001 (C. 511), asserting that his extended term sentence violated the mandate of Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000), which the Appellate Court affirmed the trial court's decision in light of this Court's ruling in People v. DeLa Paz, No. 93208 (May 8, 2003) (See Appendix A, order from Appellate Court).

Petitioner now brings this petition before this Honorable Court.

3

**ARGUMENT**

THE EXTENDED TERM SENTENCE IN MR. MILES' CASE VIOLATES SEPARATION OF POWERS AND EX POST FACTO PRINCIPLES BECAUSE IT PUNISHES MR. MILES FOR CONDUCT THAT WAS NOT AN ELEMENT OF THE CRIME.

Mr. Miles is entitled to relief under the principles of Apprendi v. New Jersey, 530 U.S. 466 (2000) and People v. Swift, 202 Ill.2d 378, 781 N.E.2d 292 (2002), because the Illinois legislature did not make brutal and heinous conduct an element of the crime at the time the crime was committed.

This is an issue of statutory construction and Teague v. Lane, 489 U.S. 288 (1989) is not relevant, as Teague only deals with common law, or judge-made law. Accordingly, the recent Illinois Supreme Court decision in People v. DeLa Paz, No. 93208 (May 8, 2003), is inapplicable as it did not deal with the issue of statutory construction, separation of powers, and ex post facto law. Mr. Miles maintains that, if the increased sentence for brutal crimes was not an element of the crime when it was committed, it cannot be added later by judicial interpretation or by a completely seperate statute.

In People v. Swift, this Court held that the statute providing an extended term for first degree murder was unconstitutional as applied to the defendant, since brutal and heinous conduct was not an element of the crime of first degree murder. This Court in Swift explained that it was applying Apprendi analysis based on statutory construction:

> "The central issue is one of construction of the Illinois sentencing statutes that establish the penalties for first degree murder." 202 Ill.2d at 379.

Further, this court stated the question of what sentence could be imposed on the defendant based on "facts found by the jury" was "a question of statutory interpretation." Swift, 202 Ill.2d at 385. The United States Supreme Court has considered the issue of statutory construction and determined there is "no issue of retroactivity," because the correct interpretation of a statute

4

applies from the effective date of a statute.  Fiore v. White, 531 U.S. 225, 228 (2001).

In Fiore, the issue involved a reinterpretation of a Pennsylvania statute, and the Pennsylvania Supreme Court and lower federal courts had relied on a Teague v. Lane analysis to find the reinterpretation was a new law that did not meet the Teague retroactivity test.  The United States Supreme Court held that the reinterpretation merely clarified the law, and was the law at the time the defendant's conviction became final (after the Pennsylvania Supreme Court so certified).

The U.S. Supreme Court then found Fiore's conviction violated the due process clause of the Fourteenth Amendment as the State had not proved the elements of the crime beyond a reasonable doubt.  Fiore, 531 U.S. at 228-229.  The U.S. Supreme Court has also held that a "judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."  Rivers v. Roadway Express, 511 U.S. 298, 312-313 (1994).

Under that principle, Swift determined the prescribed statutory maximum penalty for murder was always the period **WITHOUT** extended term enhancement, both before and after the Swift decision.  Accordingly, this Court's decision in Swift determined that the extended term statute did not apply to murder cases in general.  "The legislature has the power to declare and define conduct constituting a crime..." not the judiciary.  People v. Taylor, 102 Ill.2d 201, 204, 464 N.E.2d 1058 (1984).  There was no brutal and heinous element of the crime in the statute defining the crime at the time of the crime.

The Illinois Constitution provides that the legislative and judicial branches are seperate and that no branch can exercise "powers properly belonging to another."  Ill. Const. Art. 2, Sec. 1.

5

Thus, since the legislature did not establish brutal and heinous conduct as a specific element of the crime of murder, the judiciary cannot establish it because doing so violates the principles of separation of powers.

Further, under both the federal and Illinois ex post facto clauses, the legislature may not retroactively alter a crime's definition to a defendant's detriment, or increase the punishment for a criminal act. U.S. Const. Art. 1, Sec. 9; Ill. Const. Art. 1, Sec 16; Weaver v. Graham, 450 U.S. 24, 28 (1981); People v. Criss, 307 Ill.App.3d 888, 896, 719 N.E.2d 776 (1st Dist. 1999) (Illinois ex post facto clause is read consistently with the federal clause).

Thus, imposing a sentence on petitioner above his statutory maximum violates the ex post facto clauses of the Illinois and U.S. Constitutions, and the due process clauses of the Fourteenth Amendment of the U.S. Constitution and Article 1, Section 2 of the Illinois Constitution, as sentencing the petitioner above the maximum is a detriment and increases the punishment for his act.

These arguments were not considered in this Court's decision in People v. DeLa Paz and thus are not resolved by that decision.

Mr. Miles also notes that a key basis of the DeLa Paz decision--the U.S. Supreme Court's opinion in U.S. v. Cotton, 535 U.S. 625 (2002)--does not affect these arguments since Cotton did not involve interpretation of a statute, but an omission from an indictment. There was no flaw in the drug statute involved in Cotton, as it spelled out that penalties applied based on the weight of the drugs.

As the Tenth Circuit held in U.S. v. Dashaney, 52 F.3d 298, 299 (10th Cir. 1995), a statute "cannot mean one thing prior to the Supreme Court's interpretation and something entirely different afterwards."

Under that principle, this Court's interpretation of the Illinois Murder

6

statutes means the same for cases decided before <u>Swift</u> as it does for cases decided afterwards.

Accordingly, the petitioner's sentence of 70 years imprisonment must be vacated.

## CONCLUSION

WHEREFORE, VINCENT MILES, petitioner, respecfully prays that his 70 year extended term sentence be vacated as unconstitutional.

Respectfully Submitted,

*Vincent Miles*

VINCENT MILES, Petitioner