E-FILED
Monday, 04 April, 2005  11:55:32 AM
Clerk, U.S. District Court, ILCD

No. 97149

IN THE SUPREME COURT OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS ) | Appeal from the Appellate Court of |
| ) | Illinois, third Judicial District |
| Plaintiff-Respondant, ) | No. 3-01-0597 |
| ) | |
| -vs- ) | There heard on appeal from the Circuit |
| ) | Court of the 10th Judicial Circuit, |
| VINCENT MILES ) | Peoria County, Illinois No. 86-CF-616 |
| ) | |
| Defendant- Petitioner. ) | Honorable MICHAEL BRANDT |
| ) | Presiding Judge. |

### MOTION FOR LEAVE TO FILE INSTANTER A MOTION FOR RECONSIDERATION OF THE ORDER DENYING LEAVE TO APPEAL, MEMORANDUM OF LAW, AND PROPSED ORDER

Now comes the defendant-petitioner, Vincent Miles, pro se, and respectfully moves this Honorable Court for leave to file instanter a motion to reconsider the February 2, 2004, order denying his leave to appeal petition.

In support thereof, the petitioner states the following:

1. On September 16, 2003, the Third District Appelate Court erroneously affirmed Mr. Miles' conviction and sentence in light of this court's ruling in People v. DeLa Paz, No. 93208.

2. Mr. Miles filed a timely Affidavit of Intent on September 23, 2003, and timely filed his petition for leave to appeal required Rule 315(b) of this court.

3. Subsquent to the filing of said petition for leave to appeal, this court denied Mr. Miles' petition for leave to appeal on February 2, 2004.

4. In light of this court's decision in People v. Swift, 202 Ill.2d 378, this should reconsider its February 2, 2004 order denying leave to appeal and

Exhibit F

allow Mr. Miles leave to appeal where Mr. Miles Separation of Powers and Ex Post Facto clims raised in said perition for leave to appeal presented a question of law not expicitly decided by this court.

WHEREFORE, the petitioner Vincent Miles, respectfully prays this Court to allow him Leave to File Instanter a Motion to Reconsider the order of February 2, 2004, denying him leave to appeal.

Respectfully Submitted,

*Vincent Miles*
Vincent Miles, pro se


Vincent Miles
Register No. N-41303
P.O. Box 99
Pontiac, Il 61764

No. 97149

IN THE SUPREME COURT OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) Appeal from the appellates courtof |
| | ) Illinois, Third Judicial District |
| | ) No. 3-01-05976 |
| | ) |
| -vs- | ) There heard on appeal from the circuit |
| | ) court of the 10th Judicial Circuit, |
| VINCENT MILES | ) Peoria County, Illinois No. 86-CF-616 |
| | ) |
| | ) Honorable MICHAEL BRANDT, |
| | ) Presiding Judge. |

### ORDER

This matter coming to be heard upon the petitioner's motion for reconsideration of this Court's order denying the petitioner leave to appeal, notice having been served upon all parties and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that the motion is **denied/allowed**.  IT IS FURTHER ORDERED that _____

_____

_____ .


DATE:_____          _____
                                                          Justice

No. 97149

IN THE SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Appellate Court of |
| | ) | Illinois, Third Judicial District |
| Plaintiff-Respondant, | ) | No. 3-01-0597 |
| | ) | |
| -vs- | ) | There heard on Appeal from the Circuit |
| | ) | Court of the 10th Judicial Circuit, |
| VINCENT MILES | ) | Peoria County, Illinois No. 86-CF-616 |
| | ) | |
| Defendant- Petitioner. | ) | Honorable MICHAEL BRANDT, |
| | ) | Presiding Judge. |

### MEMORANDUM OF LAW IN SUPPORT

VINCENT MILES, pro se
Register No. N-41303
P.O. Box 99
Pontiac, IL 61764

Assisted and Prepared by:

PAUL N. LEE, paralegal
Register No. B-58057
P.O. Box 99
Pontiac, IL 61764

THE EXTENDED TERM SENTENCE IN MR. MILES' CASE VILATES SEPARATION OF POWERS AND EX POST FACTO PRINCIPLES BECAUSE IT PUNISHES MR. MILES FOR CONDUCT THAT WAS NOT AN ELEMENT OF THE CRIME

Mr. Miles is entitiled to relief under the principles of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>People v. Swift</u>, 202 Ill.2d 378, 781 N.E.2d 292 (2002), because the Illinois legislature did not make brutal and heinous conduct an element of the crime at the time the crime was committed.

In <u>People v.Swift</u>, this court held that the statute providing an extened term for first degree murder was unconstitutional as applied to the defendant, since brutal and heinous conduct was not an element of the crime of first degree murder. This court in <u>Swift</u> explained that it was applying an <u>Apprendi</u> analysis based on statutory construction:

> "The central issue is one of construction of the Illinois sentencing statutes that established the penalties for first degree murder." 202 Ill.2d at379.

Further, this court stated that the question of what sentence could be imposed on the defendant based on "facts found by the jury" was a question of "statutory interpretation". <u>Swift</u>, 202 Ill.2d at 385. The United States Supreme Court has considered the issue of statuyory construction and determined there is "no issue of retroactivity," because the correct interpretation of a statute applies from the effective date of a statute. <u>Fiore v. White</u>, 531 U.S. 225, 228 (2001). The U.S. Supreme Court also held that a "judicial construction of a statute is an authorative statement of what the statute meant before as wellas after the decision of the case giving rise to that construction." <u>Rivers v. Roadway Express</u>, 511 U.S. 298, 312-313 (1994).

Under this principle, a statute cannot mean one thing prior to the Supreme interpretation and something entirely different afterwards. (<u>U.S. v. Dashaney</u>, 52 F.3d 298 at 299.) Therefore, <u>Swift</u> determined the prescribed statutory maximum penalty for murder was always the period <u>wibhout</u> extended term enhancement,

both before and after the Swift decision. In People v. Taylor, 102 Ill.2d 201,464 N.E.2d 1059 (1984), this court held that the legislature has the power to declare and defeine conduct constituting a crime...." not the judiciary Taylor, 102 Ill.2d at204. Likewise, the separation of powers clause of both the Federal and State of Illinois constitution does not allow either branch of government to encroach on the domain of exercise the powers properly belonging to another nor do they allow either branch to confer its power to another branch. (Black's Law Dictionary). Thus, since the legislature did not make or establish brutal and heinous conduct as a specific element of the crime of murder, the judiciary cannot establish it because doing so violates the principles of separation of powers, ex post facto, and due process. See Rogers v. tennessee,532 U.S. 451,121 S.Ct. 1693,149 L.Ed.2d 697 (2001).

Furthermore, under both the federal and Illinois ex post facto clauses, the legislature may not retroactively alter a crime's definition to a defendant's detriment, or increase the punisment for a criminal act. U.S. Const., Art. 1, sec. 9; Ill. Const., Art. 1, sec,16; Weaver v. Graham, 450 U.S. 24,28 (1981); People v. Criss, 307 Ill.App.3d 888,896,719 N.E.2d 776 (1st Dist.1999); Rogers v. Tennessee, 532 U.S.451.

Inposing a sentence on Mr. Miles above his statutory maximum violates the ex post facto clauses of the Illinois and U.S. Constitutions, and the due process clauses of the Fourteenth amendment of the U.S. Constitution and Article 1, sec. 2 ofthe Illinois Constitution, as sentencing the petitioner above the maximum is a detriment and increases the punishment for his act.

Further, manifest error exist in Mr. Miles case, therefore, Mr. Miles ask this court to examine the substantive and procedural backdrop aginst which the appealed order and ruling originally arose, and reconsider this court's decision denying him leave to appeal , de novo.   See People v. Chapman, 194 Ill.2d 186 217,252 Ill. Dec. 474, 743 N.E.2d 48 (2000); People v. Hall, 195 Ill.2d 1,21, 252 Ill. Dec. 552,743 N.E.2d 126 (2000). See also People v. Coleman, 183 Ill.2d 366,378,233 Ill. Dec. 789,701 N.E.2d 1063. (For the pooposition that the proper standard of review cannot be articulated without first examing the substantive and procedural backdrop against which the appealed order or ruling arose.)

## Conclusion

WHEREFORE, based upon the reasons stated, the Defendant-Petitioner Vincent Miles, respectfully requests this court to: (1) reconsider the February 2, 2004 order denying him leave to appeal, and (2) allow him leave to appeal.

Respectfully Submitted,

*Vincent Miles*
Vincent Miles, pro se
Defendant-Petitioner