IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**FILED**
APR 2 7 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. VINCENT MILES, <br><br>        PETITIONER, <br><br> VS. <br><br> GUY PIERCE, <br><br>        RESPONDENT | NO. 05 C 1026 <br><br> THE HONORABLE JOE BILLY MCDADE JUDGE PRESIDING. |

PETITIONER'S ANSWER TO RESPONDENT'S
MOTION TO DISMISS

NOW COMES YOUR PETITIONER, VINCENT MILES, PRO SE, HEREBY RESPECTFULLY REQUESTING THIS HONORABLE COURT TO DENY RESPONDENT'S MOTION

TO DISMISS. IN SUPPORT OF SAID REQUEST, PETITIONER STATES THE FOLLOWING:

1. ON JANUARY 25, 2005, PETITIONER FILED IN THIS COURT HIS PETITION FOR WRIT OF HABEAS CORPUS.

2. ON APRIL 4, 2005, RESPONDENT FILED HIS MOTION TO DISMISS, ARGUING THAT THE PETITION SHOULD BE DISMISSED AS TIME BARRED. THIS CONTENTION IS ERRONEOUS.

3. SECTION 2244(d) PROVIDES THAT:

(1) A 1-YEAR PERIOD OF LIMITATION SHALL APPLY TO AN APPLICATION FOR WRIT OF HABEAS CORPUS BY A PERSON IN CUSTODY PURSUANT TO THE JUDGMENT OF A STATE COURT. THE LIMITATION PERIOD SHALL RUN FROM THE LATEST OF -

(1) THE DATE ON WHICH THE FACTUAL PREDICATE OF THE CLAIM OR CLAIMS COULD HAVE BEEN DISCOVERED THROUGH THE EXERCISE OF DUE DILIGENCE.

(2) THE TIME DURING WHICH A PROPERLY FILED APPLICATION FOR STATE POST CONVICTION OR OTHER COLLATERAL REVIEW WITH RESPECT TO THE PERTINENT JUDGMENT OR CLAIM IS PENDING SHALL NOT BE COUNTED TOWARD ANY PERIOD OF LIMITATION UNDER THIS SUBSECTION.

4) IN THE INSTANT CASE, THE FACTUAL PREDICATE OF PETITIONER'S CLAIM IS THE ILLINOIS SUPREME COURT'S FIRST INTERPRETATION OF THE ILLINOIS FIRST DEGREE MURDER SENTENCING STATUTE IN PEOPLE V. SWIFT, 202 ILL.2d 378, 781 N.E.2d 292 (2002).

5) BECAUSE THE SWIFT DECISION CONSTITUTED THE FIRST INTERPRETATION OF THE STATUTE BY THAT COURT, THE NON-RETROACTIVITY

RULE OF FIORE v. WHITE, 531 U.S. 225 (2001), INSTANTLY BECAME APPLICABLE TO PETITIONER'S CAUSE ON THE DATE IN WHICH SWIFT WAS DECIDED.

6. AT THAT TIME, PETITIONER WAS APPEALING THE COURT'S DISMISSAL OF HIS PETITION FOR POST CONVICTION RELIEF, WHERE HE WAS ALLEGING AN APPRENDI VIOLATION. PETITIONER AMENDED HIS APPRENDI ARGUMENT TO INCLUDE THE INSTANT NON-RETROACTIVITY CLAIM, THUS PRESERVING IT FOR FEDERAL HABEAS REVIEW.

7. ON SEPTEMBER 16, 2003, THE ILLINOIS APPELLATE COURT, THIRD JUDICIAL DISTRICT, AFFIRMED THE TRIAL COURT'S DISMISSAL OF HIS POST CONVICTION PETITION, HOLDING THAT THE ILLINOIS SUPREME COURT'S DECISION IN PEOPLE v. DE LA PAZ, 204 Ill. 2d 426, 791 N.E. 2d 489 (2003) PRECLUDED HIM FROM OBTAINING RELIEF.

8. On January 28, 2004, the Illinois Supreme Court denied petitioner leave to appeal.

9. Because the factual predicate of petitioner's claim in the instant petition could not have been discovered prior to the Illinois Supreme Court's decision in Swift, the one year limitation period of 2244 began tolling on that date. In addition, because petition was appealing the dismissal of a properly filed post conviction petition on that date, the limitation period did not begin tolling until the final disposition of that appeal, being the Illinois Supreme Court's denial of leave to appeal on January 28, 2004. Thus, petitioner had until January 28, 2005 in which to file his habeas petition.

10. Furthermore, petitioner's collateral attack did not end there. He filed a proper motion for reconsideration to the



Illinois Supreme Court, which was denied on April 20, 2004, further extending his habeas filing time.

11. Respondent's contention that Petitioner's claims do not warrant habeas relief is also erroneous.

b. Under the AEDPA, a habeas petitioner is not entitled to habeas relief unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). In Williams, the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts

THAT ARE MATERIALLY INDISTINGUISHABLE FROM A RELEVANT SUPREME COURT PRECEDENT AND ARRIVES AT A RESULT OPPOSITE TO OURS." WILLIAMS, 529 U.S. AT 405.

13. WITH RESPECT TO THE "UNREASONABLE APPLICATION" PRONG UNDER 2254(d)(1), A HABEAS PETITIONER MUST DEMONSTRATE THAT ALTHOUGH THE STATE COURT IDENTIFIED THE CORRECT LEGAL RULE, IT UNREASONABLY APPLIED THE CONTROLLING LAW TO THE FACTS OF THE CASE. WILLIAMS, 529 U.S. AT 407. A STATE COURT'S APPLICATION OF SUPREME COURT PRECEDENT IS UNREASONABLE IF THE COURT'S DECISION WAS "OBJECTIVELY" UNREASONABLE. SEE LOCKYER V. ANDRADE, 123 S.CT. 1166, 1174 (2003).

14. IN THE CASE AT BAR, THE DECISION OF THE APPELLATE COURT WAS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW. AS STATED IN PETITIONER'S MEMORANDUM OF LAW, THIS ISSUE CAN BE RESOLVED WITHOUT A RETROACTIVE APPLICATION OF APPRENDI.

CONTRARY TO THE CONCLUSION REACHED BY THE COURT IN PEOPLE V. DE LA PAZ, SUPRA, TEAGUE V. LANE, 489 U.S. 288 (1989) IS NOT CONTROLLING.

15. PETITIONER RESTS ON THE ARGUMENT CONTAINED IN HIS SUPPORTING MEMORANDUM OF LAW ATTACHED TO THE HABEAS PETITION TO SUPPORT THIS CONTENTION.

WHEREFORE, BASED ON THE FOREGOING, PETITIONER PRAYS THAT THIS HONORABLE COURT DENY THE RESPONDENT'S MOTION TO DISMISS, AND SET THIS MATTER FOR FURTHER PROCEEDINGS.

RESPECTFULLY SUBMITTED,

*Vincent Miles*
VINCENT MILES # N41303
P.O. BOX 99
PONTIAC, IL 61764

IN THE

U.S. DISTRICT COURT
CENTRAL DIST. OF ILLINOIS

VINCENT MILES )
**Plaintiff/Petitioner** )
)
vs. )   Case No. 05 C 1026
)
GUY PIERCE )
**Defendant/Respondent** )

---

**PROOF/CERTIFICATE OF SERVICE**

TO: RUSSELL K. BENTON          TO: JOHN M. WATERS
100 W. RANDOLPH ST 12TH FLR       100 N.E. MONROE
CHICAGO, IL 60601                 PEORIA, IL 61602

PLEASE TAKE NOTICE that on APRIL 16, 2005, I placed the documents listed below in the institutional mail at PONTIAC Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: PETITIONER'S ANSWER TO RESPONDENT'S MOTION TO DISMISS

---

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and belief.

DATED: 4/16/05                /s/ Vincent Miles
                              NAME: VINCENT MILES
                              IDOC No. N41303
                              PONTIAC Correctional Ctr.
                              POB 99
                              PONTIAC, IL 61764