E-FILED
Tuesday, 19 July, 2005  04:07:50 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

```
VINCENT MILES,                  )
                                )
        Petitioner,             )
                                )
    v.                          )    No. 05-1026
                                )
GUY PIERCE,                     )
Warden, Pontiac                 )
Correctional Center,            )
                                )
        Respondent.             )
```

# **O R D E R**

Vincent Miles mailed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to the clerk on January 25, 2005.  The State moves to dismiss it as untimely under 28 U.S.C. § 2244(d).

Miles was tried in the Circuit Court for Peoria County and convicted by a jury of two counts of first-degree murder and one count of attempted first-degree murder.  The judge imposed extended-term sentences of 70 years for the murder and 60 years for the attempt, to run concurrently.  Miles directly appealed, and the Illinois Appellate Court affirmed the convictions, left the 70-year murder sentence in place, but reduced the attempt sentence to 30 years.  People v. Miles, 551 N.E.2d 1133 (Ill. App. Ct. 3d Dist. Nov. 22, 1988)(table).  Miles did not seek further review in the Illinois Supreme Court within the 21-day window for doing so.  Ill. S. Ct. R. 315(b).  Miles' case was therefore final on December 13, 1988.  Owens v. Boyd, 235 F.3d 356, 357 (7th Cir. 2000).

Because this date falls before the effective date of the Anti-Terrorism and Effective Death Penalty Act (which added the statute

of limitations), the AEDPA's effective date--April 24, 1996--is treated as § 2244(d)(1)(A)'s "date on which the judgment became final." Freeman v. Page, 208 F.3d 572, 573 (7th Cir. 2000). This meant that Miles had one year from this date to file his petition, less any time during which an application for state collateral review was pending. § 2244(d)(2). Miles had filed a petition for state collateral review in March 1989, but there is no indication, and no reason to believe, that it was still pending on or after April 24, 1996. So the clock started to run on this date. Miles did file a second petition for state collateral review on March 18, 1997, but it was dismissed the next day and Miles apparently did not pursue the matter further. Miles also filed a third petition for state collateral review on February 7, 2001. But by this time he had already accumulated nearly five years of § 2244(d)(1)(A) time without any significant § 2244(d)(2) tolling.

Miles' only hope is to use another provision of § 2244(d)(1)--either (B),(C), or (D)--to start the clock after February 7, 2001, and from here rely on the tolling effect of his third petition for state collateral review, which was pending from February 7, 2001, to January 28, 2004. To this end, he invokes § 2244(d)(1)(D), which allows a new year measured from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Specifically, Miles contends that the Illinois Supreme Court's decision in People v. Swift, 781 N.E.2d 292 (Ill. Nov. 21, 2002), is the factual predicate of his claim, which he could not have discovered any

2

sooner than 2002. <u>Swift</u> was a case in which the Illinois Supreme Court applied <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), to Illinois' first-degree murder sentencing scheme. It is not a "fact" at all. It is law. The habeas statute of limitations has a specific provision which deals with legal developments. § 2244(d)(1)(C). But it only allows for claims based on new, retroactive constitutional decisions of the U.S. Supreme Court. <u>Id.</u>  <u>Swift</u> was not decided by the U.S. Supreme Court. <u>Apprendi</u> was, but it is not retroactively available on collateral review. <u>Curtis v. United States</u>, 294 F.3d 841, 844 (7th Cir. 2002).

IT IS THEREFORE ORDERED that the State's motion to dismiss (docket no. 8) is GRANTED. Miles' petition for a writ of habeas corpus (docket no. 5) is DISMISSED. CASE TERMINATED.

Signed this <u>18th</u> day of July 2005.

/s/ Joe B. McDade
JOE BILLY McDADE
United States District Judge