## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

```
VINCENT MILES,                    )
                                  )
          Petitioner,             )
                                  )
     v.                           )      No. 05-1026
                                  )
GUY PIERCE,                       )
                                  )
          Respondent.             )
```

## **O R D E R**

Before the Court is Petitioner Vincent Miles', amended Petition and Affidavit for Leave to Proceed Without Prepayment of Fees and Costs on Appeal ("IFP") [Doc. #25]. Because Petitioner's appeal is "not taken in good faith," the Court will deny his IFP.

### I.
### BACKGROUND

On January 28, 2005, Petitioner filed an Application with this Court to Proceed in Forma Pauperis on his § 2254 Habeas Petition [Doc. #1]. The Court denied Petitioner's Application because it was incomplete and he was instructed to resubmit it with the proper information [Doc. #2]. On March 2, 2005, Petitioner resubmitted the amended Application [Doc. #3] and the Court granted him leave to proceed in forma pauperis [Doc. #4]. In response, the Government filed a Motion to Dismiss Petitioner's § 2254 Habeas Petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") [Doc. #8]. On July 18, 2005, the Court granted the Government's Motion to Dismiss and terminated the case on the ground that Petitioner's § 2254 Habeas Petition was time-barred by the AEDPA [Doc. #11]. As a result, Petitioner filed a Notice of

Appeal [Doc. #13] and a Motion for a Certificate of Appealability [Doc. #14] with this Court.  The Court, however, denied Petitioner's Motion for a Certificate of Appealability on August 24, 2005 [Doc. #17].  Petitioner then erroneously filed a Motion for Leave to Appeal in Forma Pauperis with the Seventh Circuit Court of Appeals on September 26, 2005.  The following day, the Seventh Circuit Court of Appeals ordered the clerk of the court to transfer Petitioner's IFP to this Court for a ruling in the first instance [Docs. #22 & 23].  Because Petitioner's IFP was again incomplete, the Court ordered him to properly resubmit it [Doc. #24].  On October 19, 2005, Petitioner filed the instant amended IFP which is now before the Court [Doc. #25].

## II.
## DISCUSSION

Despite whether a petitioner has sufficient funds to take an appeal, a litigant claiming IFP status on appeal must still pass through the screening mechanism of Title 28 U.S.C. § 1915(a)(3).  Under § 1915(a)(3), the Court is required to screen Petitioner's appeal to determine whether it is taken in good faith.  See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).  To meet the "good faith" requirement, a court must "find that a reasonable person could suppose that the appeal has some merit."  Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000) (citations omitted).

On July 18, 2005, this Court dismissed Petitioner's § 2254 Habeas Petition because it was clearly time-barred by the AEDPA [Doc. #11].  Accordingly, the Court finds that a reasonable person

2

could not suppose that Petitioner's appeal has some merit and, therefore, it is not taken in good faith.

IT IS THEREFORE ORDERED that Petitioner's amended Petition and Affidavit for Leave to Proceed Without Prepayment of Fees and Costs on Appeal is DENIED.

Entered this  27  day of October, 2005.

                                        /s/ Joe B. McDade
                                       JOE BILLY McDADE
                                  United States District Judge